# IN THE COURT OF APPEALS OF TENNESSEE,
## AT JACKSON

**FILED**

**January 5, 1999**

**Cecil Crowson, Jr.**
**Appellate Court Clerk**

| | | |
|---|---|---|
| **FLORENCE HOWARD**, | ) | Shelby County Circuit Court |
| | ) | No. 147214 R.D. |
| Plaintiff/Appellee. | ) | |
| | ) | |
| VS. | ) | C.A. No. 02A01-9608-CV-00175 |
| | ) | |
| **JIMMIE HOWARD**, | ) | |
| | ) | |
| Defendant/Appellant. | ) | |
| | ) | |

From the Circuit Court of Shelby County at Memphis.
**Honorable James E. Swearengen, Judge**

**Kim G. Sims**, Memphis, Tennessee
Attorney for Defendant/Appellant.

**Christine D. Worley**, Memphis, Tennessee
Attorney for Plaintiff/Appellee.

OPINION FILED:

**AFFIRMED AND REMANDED**

**FARMER, J.**

**HIGHERS, J.**: (Concurs)
**LILLARD, J.**: (Concurs)

Defendant Jimmie Howard (Husband) appeals the trial court's order denying his motion to set aside the final divorce decree previously entered by the court. We affirm the trial court's judgment based on our conclusion that the record contains insufficient evidence to support the Husband's motion to set aside.

This lawsuit began in October 1994 when Florence Howard (Wife) filed a complaint for divorce against the Husband on the grounds of irreconcilable differences. The Wife attached to her complaint a copy of a marital dissolution agreement (MDA) executed by the parties in September 1994. In January 1995, the trial court entered a final decree of divorce which granted the parties a divorce on the ground of irreconcilable differences and incorporated by reference the terms of the parties' MDA.

As part of the property settlement, the MDA required the Wife to transfer $15,000 to the Husband, which funds constituted assets of the parties' son. This provision was contained in a section entitled "Minor's Assets," but the MDA indicated that the parties had no minor children. Although the MDA required each party to maintain a $50,000 life insurance policy and to name the parties' son as the policy's beneficiary, the MDA contained no other provisions for the son's support.

Within weeks of being granted the divorce, the Wife filed a petition for *scire facias* in which she sought to have the Husband held in contempt due to his refusal to return certain stock certificates to the Wife. Under the MDA, the Husband had agreed to waive any right to, interest in, or title to the Wife's stock, and he had agreed to execute any documents necessary to convey full ownership rights in the stock to the Wife.

The Husband responded by filing a motion to set aside the final divorce decree. As grounds for setting aside the decree, the Husband made the following assertions:

> That [the Husband] entered into a Marital Dissolution Agreement acting in good faith that [the Wife] had done the same. On reviewing the Marital Dissolution Agreement changes were made with the unofficial form he signed on September 29th, 1994. No other acknowledgment of acceptance of changes was signed by [the Husband]. After the Final Decree was entered and [the Husband] received $15,000.00 set out in the [MDA], when going to deposit the

funds found [the Wife] had removed $17,788.00 from an account in his name and his son's, who is handicapped. [The Husband] then became suspicious of [the Wife's] honesty. He found in some boxes at the house statements of IRA's and stocks with Paine Webber, Paulson Investments, John Hancock Securities, and Prudential.

That [the Wife] deceived [the Husband] also about the stocks and IRA's she had when negotiating settlement and retirement.

That [the Husband] feels that the Marital Dissolution Agreement should be set aside and that the Judge should decide the division of marital property.

[That the] Marital Dissolution Agreement was not entered in by [the Wife] in good faith and the final copy was filed without [the Husband's] approval. A prearranged meeting was set up on September 23rd for September 29th, 1994 in an attempt to work out a Marital Dissolution Agreement and unknowing to [the Husband], on September 27, 1994, 2 days prior to the meeting, [the Wife] went into First Tennessee Bank and withdrew all funds of the account. [The Wife] was aware that [the Husband] had no way of knowing this (see attached records [from] First Tennessee Bank) thus voiding the agreement.

. . . .

[That in] addition to all facts set out, [the Husband] is an employee at the Depot which is set to be closed which is a major change in circumstance in which he would like the Court to consider.

The attached documents indicated that the parties' son withdrew $17,788 from a First Tennessee Bank account on September 27, 1994.

The Husband also filed a petition for *scire facias* in which he sought to have the Wife held in contempt due to her refusal to return the $17,788 withdrawn from the account. The Husband later filed a motion requesting the trial court to order a physical and mental examination of the parties' son pursuant to rule 35 of the Tennessee Rules of Civil Procedure.[1]

---

[1]As pertinent, rule 35 provides that

> [w]hen the mental or physical condition . . . of a party, or of a person in the custody or under the legal control of a party, is in controversy, the court in which the action is pending may order the party to submit to a physical or mental examination by a suitably licensed or certified examiner or to produce for examination the person in custody or legal control. The order may be made only on motion for good cause shown and upon notice to the person to be examined and to all parties and shall specify the time, place,

In May 1995, the parties' twenty-year-old son, Derrick Howard, filed a petition to intervene asking the trial court to order the parties to return any funds belonging to the son. The son's petition alleged that he suffered a traumatic head injury at the age of ten which rendered him physically handicapped. The petition asserted that, despite his physical handicap, the son was "mentally competent and able to manage his own affairs." According to the son, a probate guardianship was set up after his accident into which $30,000 was paid by the parties' uninsured motorist carrier. The Husband and an attorney were appointed co-guardians of the funds. In May 1993, the son reached the age of majority and the probate guardianship was closed. At that time, all funds were paid to the son, but the son allowed the Husband to continue to maintain and control the funds. In addition to seeking the return of the funds and other relief, the son's petition sought (1) a temporary injunction restraining the parties from disposing of the funds, and (2) a full accounting of all sums held by the parties for the son's benefit since May 1993, when the probate guardianship was closed. After the son filed his petition to intervene, the court granted the Husband's rule 35 motion and ordered the son to submit to a physical and mental examination by doctors to be chosen by the court.

In November 1995, the Wife filed a motion asking the trial court to dispose of the Husband's January 1995 motion to set aside the final divorce decree. A special judge conducted a hearing and, after considering counsels' arguments on this and other matters, denied the Wife's motion to dispose of the Husband's motion to set aside the final decree. Thereafter, the Wife renewed her motion to dispose of the Husband's motion to set aside.

On December 15, 1995, the trial court conducted a hearing on the Husband's motion to set aside the final divorce decree. At the hearing, neither party presented any evidence in support of or opposition to the Husband's motion to set aside. The parties' respective attorneys argued their positions with regard to the Husband's motion to set aside and other issues, but they neither presented the testimony of any witnesses nor properly introduced any affidavits, depositions, or other evidence in support of their respective positions.

---

manner, conditions, and scope of the examination and the person or persons by whom it is to be made.

T.R.C.P. 35.01.

Based on the arguments of the parties' attorneys, the trial court denied the Husband's motion to set aside the final divorce decree. In refusing to set aside the final decree, the trial court ruled that the decree and the MDA were valid and enforceable. The trial court amended the MDA, however, to require that the $15,000 belonging to the parties' son be deposited in a bank account jointly controlled by the parties. This appeal by the Husband followed.

At some point after filing his notice of appeal, the Husband asked the trial court to accept the doctor's report of her examination of the parties' son and to "close the record" so that the Husband's appeal might proceed. Per the trial court's instructions, the Husband later filed the doctor's report, which contained the results of the doctor's physical and mental examination of the parties' son.

On appeal, the Husband raises the following issues for this court's review:

> 1.      Whether the signed make-shift paper on September 29, 1994 later attached to a Marital Dissolution Agreement constitutes a contract between the parties.
>
> 2.      Whether an Irreconcilable Differences divorce can be granted when the Marital Dissolution Agreement is not properly executed.
>
> 3.      Whether the ruling of [the] Special Judge . . . was properly overruled by the actual elected Judge.
>
> 4.      Whether a severely injured child who becomes a disabled handicapped adult should be provided for by the court in regard to support, custody, and visitation when the parties seek to end their marriage.

The Husband's first three issues deal with the propriety of the trial court's refusal to set aside the final divorce decree. The Husband's motion to set aside apparently was based upon rule 60.02(2) of the Tennessee Rules of Civil Procedure, which permits a trial court to relieve a party from a final judgment based on "fraud, misrepresentation, or other misconduct of an adverse party." T.R.C.P. 60.02(2). This court previously has addressed the burden upon a party who seeks relief under this rule:

> The party seeking relief under [rule] 60.02(2) has the burden

of proof. ***Trice v. Moyers***, 561 S.W.2d 153, 156 (Tenn. 1978); ***Holt v. Holt***, 751 S.W.2d 426, 428 (Tenn. Ct. App. 1988). In order to succeed, the moving party must describe the basis for relief with specificity, ***Hopkins v. Hopkins***, 572 S.W.2d 639, 640 (Tenn. 1978), and must show by clear and convincing evidence that post-judgment relief is warranted. ***Anderson v. Cryovac, Inc.***, 862 F.2d 910, 926 (1st Cir. 1988); ***West v. Love***, 776 F.2d 170, 176 (7th Cir. 1985); ***Cumber v. Cumber***, 326 N.W.2d 194, 195 (N.D. 1982); 7 J. Moore, J. Lucas & G. Grotheer, ***Moore's Federal Practice*** ¶ 60.24[5] (2d ed. 1989); 11 C. Wright & A. Miller, ***Federal Practice and Procedure*** § 2860 (1973).

***Duncan v. Duncan***, 789 S.W.2d 557, 563 (Tenn. App. 1990); ***accord Davidson v. Davidson***, 916 S.W.2d 918, 923 (Tenn. App. 1995). Moreover, relief granted pursuant to rule 60.02 lies within the sound discretion of the trial court, and on appeal the scope of our review is limited to determining whether or not the trial court abused its discretion. ***Davidson***, 916 S.W.2d at 923.

After reviewing the record before us, we conclude that the trial court did not abuse its discretion in denying the Husband's motion to set aside the final divorce decree. As heretofore indicated, neither party presented testimony or properly introduced any other evidence at the hearing on the Husband's motion to set aside the decree. As the party seeking relief under rule 60.02, the Husband had the burden of proof. ***Duncan***, 789 S.W.2d at 563. Specifically, the Husband had the burden of presenting clear and convincing evidence that he was entitled to relief from the final divorce decree. ***Id***. Instead, the Husband presented no evidence in support of his motion. It is axiomatic that, when a party fails to present any evidence on an issue as to which he bears the burden of proof, the party has failed to carry his burden. ***See, e.g.***, ***Beer Bd. v. Brass A Saloon***, 710 S.W.2d 33, 36 (Tenn. 1986); ***Gates, Duncan & Vancamp Co. v. Levatino***, 962 S.W.2d 21, 26 (Tenn. App. 1997); ***Moore v. Moore***, 602 S.W.2d 252, 255 (Tenn. App. 1980). Inasmuch as the Husband failed to meet his burden of proof in this case, we reject his argument that the trial court erred in denying his rule 60.02 motion.

The Husband cites ***Harbour v. Brown***, 732 S.W.2d 598 (Tenn. 1987), for the proposition that the trial court should have set aside the final divorce decree when the Husband filed his motion to set aside the decree within thirty days of its entry.[2] We conclude that this argument

---

[2]Because the Husband's motion to set aside was filed within thirty days of entry of the final divorce decree, the trial court could have treated the Husband's motion as one to alter or

is without merit. In *Harbour*, the supreme court merely held that a trial court could not enter a judgment based upon a settlement agreement when the court had prior notice that one of the parties was repudiating the agreement. *Harbour*, 732 S.W.2d at 600. In the present case, the trial court already had entered the final divorce decree when the Husband sought to set aside the decree and the MDA upon which the decree was based. Accordingly, the holding of *Harbour* is inapplicable to the present case.

We also reject the Husband's argument that, in denying his motion to set aside, the trial court improperly overruled the order of the special judge entered in December 1995. The special judge's order denied the Wife's motion to dispose of the Husband's motion to set aside the final decree. By its order, the special judge merely declined to dispose of the Husband's motion to set aside and instead left this matter to be decided by the regular trial judge hearing the case. Accordingly, we fail to see how the trial court's subsequent order ruling on the motion was somehow in conflict with the special judge's earlier order.

Finally, we reject the Husband's argument that the trial court erred in failing to provide for the custody and support of the parties' adult son. We recognize that a parent's obligation of support may continue after a child reaches the age of majority if the child, because of illness or disability occurring during his minority, is unable to support himself. *Sayne v. Sayne*, 284 S.W.2d 309, 310-12 (Tenn. App. 1955); *Mingle v. Mingle*, No. 01A01-9305-CH-00197, 1993 WL 377609, at *2 (Tenn. App. Sept. 24, 1993). This obligation arises as a limited exception to the general rule that parents have no legal obligation to support their adult children. *Sayne*, 284 S.W.2d at 311; *Mingle*, 1993 WL 377609, at *2. In determining whether such a continued obligation exists, the courts primarily look at the extent of the child's disability and its effect on his ability to provide for himself. *See Sayne*, 284 S.W.2d at 310 (noting that parties' 27-year-old daughter was unable to work due to nervous condition and various orthopedic problems); *see also Hodge v. Hodge*, 1988 WL 55729, at *2 (Tenn. App. June 2, 1988) (noting that parties' 23-year-old son was disabled, required custodial care, and received income of only $226 per month in social security insurance

---

amend the judgment pursuant to rule 59.04 instead of one to set aside the judgment pursuant to rule 60.02. Regardless of whether the Husband's motion was filed pursuant to rule 59.04 or rule 60.02, however, our analysis of the trial court's denial of the motion remains the same. *See Donnelly v. Walter*, 959 S.W.2d 166, 168 (Tenn. App. 1997).

payments).

Nevertheless, we cannot fault the trial court for failing to rule on these issues because neither party ever sought this relief in the trial court. *See Plunk v. Plunk*, No. 02A01-9702-CH-00040, 1997 WL 729262, at *2 (Tenn. App. Nov. 25, 1997); *Mayfield v. Mayfield*, No. 01A01-9611-CV-00501, 1997 WL 210826, at *7 (Tenn. App. Apr. 30, 1997). At the hearing below, the Husband argued that the parties' son was disabled to such an extent that he was unable to make financial decisions for himself, but the Husband never asked the trial court to rule on the issues of custody and support of the son.

Moreover, we note that the record fails to support the Husband's contention that the son was disabled to the point that he could not provide for himself. The record contains no lay or medical testimony regarding the extent of the son's disability or his ability to earn an income. Although the doctor's report was filed pending this appeal, this report was not introduced into evidence in the trial court, and the report was not available for the court's consideration when it entered its judgment. Absent competent evidence of the son's condition, the Husband has failed to demonstrate that this is an appropriate case to deviate from the general rule that the parties have no duty to support their adult son.

Although we affirm the trial court's judgment, our decision should not be interpreted to preclude either party from seeking such future relief for the son's benefit as may be warranted by the circumstances of this case. We feel compelled to remind the parties, however, that they must present competent proof that the applicable legal standard has been met in order to justify the relief sought.

The trial court's judgment is affirmed. Costs of this appeal are taxed to the Husband, for which execution may issue if necessary.

_____

FARMER, J.

_____
HIGHERS, J. (Concurs)


_____
LILLARD, J. (Concurs)