IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
May 14, 2002 Session

## MICHAEL BENJAMIN COUILLARD v. MARTHA ANN COUILLARD

**Appeal from the Chancery Court for Carter County**
**No. 20181     Thomas J. Seeley, Jr., Judge, by Interchange**

_____

**No. E2001-01770-COA-R3-CV     Filed July 3, 2002**

_____

Michael Benjamin Couillard ("Plaintiff") was absent from a hearing regarding his child support obligation. The Trial Court found that Plaintiff was in arrears for child support and also had failed to pay a portion of the parties' minor child's medical expenses as required by an earlier order of the Trial Court. Plaintiff filed a Tenn. R. Civ. P. 60.02 motion to set aside the judgment ("Motion to Set Aside") on the basis of inadvertence and excusable neglect. The Trial Court denied the Motion to Set Aside. The record on appeal contains no transcript or statement of the evidence of the hearing on Plaintiff's Motion to Set Aside. Plaintiff appeals. We affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the**
**Chancery Court Affirmed; Case Remanded.**

D. MICHAEL SWINEY, J., delivered the opinion of the court, in which HERSCHEL P. FRANKS, J., joined. HOUSTON M. GODDARD, P.J., filed a concurring opinion.

M. Stanley Givens, Johnson City, Tennessee, for the Appellant, Michael Benjamin Couillard.

Judith Fain, Johnson City, Tennessee, for the Appellee, Martha Ann Couillard.

**OPINION**

**Background**

This matter arises from a child support dispute between Plaintiff and Martha Ann Couillard ("Defendant"). The Trial Court, after a hearing in November 1999, entered an Order setting Plaintiff's child support obligation and finding Plaintiff in arrears for child support. The Trial

Court also ordered Plaintiff to maintain health and life insurance for the benefit of the parties' child and to pay a portion of the child's medical expenses not otherwise covered by insurance.

After the November 1999 hearing, but before the entry of the Order, Plaintiff filed a motion seeking a reduction of his child support obligation due to his recent loss of employment. Defendant filed a response to this motion in which she opposed any reduction in child support and argued essentially that Plaintiff was willfully and voluntarily unemployed.

The record shows that approximately one year passed before either party took any further action. In January 2001, Defendant filed a motion asking the Trial Court to find Plaintiff in criminal and civil contempt for failing to pay child support and the child's medical expenses. In March 2001, the Trial Court held a hearing on Plaintiff's motion to reduce child support and Defendant's motion regarding Plaintiff's alleged contempt. The record shows that while Plaintiff did not appear for the March 2001 hearing, his attorney was present.

In April 2001, the Trial Court entered a Judgment on the March 2001 hearing. The Judgment denied Plaintiff's motion to reduce child support and granted, in part, Defendant's motion for contempt. The Trial Court held, in its Judgment, that Plaintiff was in arrears for child support and had failed to pay the child's medical expenses as required by the Trial Court's previous order. Regarding Plaintiff's absence from the hearing, the Judgment provided, in pertinent part, as follows:

> upon . . . the failure of Plaintiff to appear although his counsel stated to the Court that he had mailed the Notices to Plaintiff in January, that the mail had not been returned to Plaintiff's counsel; upon the oral motion of Plaintiff's counsel that he be allowed to withdraw which Motion is granted. . . .

The Trial Court, in the Judgment, reserved the issue of whether Plaintiff was in contempt for failure to pay child support and the child's medical expenses "until such time as Plaintiff appears before the Court."

Shortly thereafter, in May 2001, Plaintiff filed a Tenn. R. Civ. P. 60.02 Motion to Set Aside the Trial Court's Judgment. As grounds for his motion, Plaintiff argued the Judgment should be set aside because he missed the March 2001 hearing due to inadvertence and excusable neglect. The record shows Plaintiff filed no affidavit in support of his Motion to Set Aside. In June 2001, the Trial Court held a hearing on the Motion to Set Aside, but the record contains no transcript of this hearing. Thereafter, the Trial Court entered an order ("Final Order") in which it denied Plaintiff's Motion to Set Aside. The Final Order provided that "Plaintiff has not presented a sufficient basis upon which this Court can find reasonable grounds to set aside the Court's Order. [Plaintiff's] failure to appear for the trial is not excused. . . ."

Plaintiff appeals.

**Discussion**

On appeal and although not exactly stated as such, Plaintiff raises one issue for this Court's consideration: whether the Trial Court erred in denying Plaintiff's Tenn. R. Civ. P. 60.02 Motion to Set Aside.

Defendant, on appeal, contends it was not an abuse of discretion for the Trial Court to deny Plaintiff's Rule 60.02 motion. Defendant also argues Plaintiff's appeal should be dismissed because the Final Order is not a final judgment under Tenn. R. Civ. P. 54.02 from which an appeal as of right lies. Furthermore, Defendant contends Plaintiff's appeal is frivolous because Plaintiff, as the appellant, failed to preserve an adequate record.

We first address the issue regarding whether the Final Order is a final judgment from which an appeal as of right lies. Defendant contends the underlying Judgment which Plaintiff sought to have set aside is not a final judgment pursuant to Tenn. R. Civ. P. 54.02, and, accordingly, Plaintiff's appeal should be dismissed. *See* Tenn. R. App. P. 3(a). Defendant points to the language in the Judgment showing the Trial Court reserved the issue of Plaintiff's contempt. In addition, while Defendant does not raise this in her argument, we note that Tenn. R. Civ. P. 60.02, the rule upon which Plaintiff's Motion to Set Aside is based, provides that it applies to "final judgments." The Judgment does not meet the definition of a "final judgment" under Tenn. R. Civ. P. 54.02 since it does not adjudicate all claims. In the exercise of our discretion and in the interest of judicial economy, however, we will treat this appeal as a Tenn. R. App. P. 10 extraordinary appeal and consider the merits of this appeal. *See also* Tenn. R. App. P. 1 (providing the Tennessee Rules of Appellate Procedure "shall be construed to secure the just, speedy, and inexpensive determination of every proceeding on its merits").

We now turn to whether or not it was error for the Trial Court to deny Plaintiff's Rule 60.02 Motion to Set Aside. The determination of whether to grant a Tenn. R. Civ. P. 60.02 motion for relief from judgment lies within the sound discretion of the trial court and will not be reversed on appeal absent an abuse of discretion. *Holiday v. Shoney's South, Inc.*, 42 S.W.3d 90, 92 (Tenn. Ct. App. 2000). We should not reverse for "'abuse of discretion a discretionary judgment of a trial court unless it affirmatively appears that the trial court's decision was against logic or reasoning, and caused an injustice or injury to the party complaining.'" *Marcus v. Marcus,* 993 S.W.2d 596, 601 (Tenn. 1999) (quoting *Ballard v. Herzke*, 924 S.W.2d 652, 661 (Tenn. 1996)).

Plaintiff's Motion to Set Aside was based upon Tenn. R. Civ. P. 60.02(1) which provides, in pertinent part, as follows:

> On motion and upon such terms as are just, the court may relieve a party or the party's legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect . . . .

The moving party who seeks relief from a judgment under Rule 60.02 has the burden of proof to "'describe the basis for relief with specificity . . .'" and to establish, by clear and convincing evidence, that such relief is warranted. *Howard v. Howard*, 991 S.W.2d 251, 255 (Tenn. Ct. App. 1999) (quoting *Duncan v. Duncan*, 789 S.W.2d 557, 563 (Tenn. Ct. App. 1990)).

On appeal, Plaintiff argues the Trial Court erred in denying his Motion to Set Aside because he established, pursuant to Tenn. R. Civ. P. 60.02(1), that he missed the March 2001 hearing due to inadvertence or excusable neglect. In his brief, Plaintiff contends he missed the hearing because he literally forgot about it due to a number of personal issues and a family medical emergency. Plaintiff also argues he suffered prejudice due to the Trial Court's allowing his attorney to withdraw as counsel before the March 2001 hearing began.

Short of Plaintiff's statements in his brief, the record on appeal contains no hint, let alone proof, of the reasons for Plaintiff's absence from the March 2001 hearing. The only stated bases provided in Plaintiff's Motion to Set Aside are the grounds of inadvertence and excusable neglect. Under Tenn. R. App. P. 24, the appellant has the duty "'to prepare a record which conveys a fair, accurate and complete account of what transpired in the trial court with respect to the issues which form the basis of the appeal.'" *Nickas v. Capadalis*, 954 S.W.2d 735, 742 (Tenn. Ct. App. 1997) (quoting *State v. Boling*, 840 S.W.2d 944, 951 (Tenn. Crim. App. 1992)). In the absence of an adequate record on appeal, this Court will presume the trial court's rulings were supported by sufficient evidence. *State Dep't of Children's Serv. v. D.G.S.L.,* E2001-00742- COA-R3-JV, 2001 Tenn. App. LEXIS 941, at * 27 (Tenn. Ct. App. Dec. 28, 2001), *no appl. perm. app. filed*; *State v. Oody*, 823 S.W.2d 554, 559 (Tenn. Crim. App. 1991).

Even allowing Plaintiff the benefit of all doubts and treating his Rule 60.02 motion as an appropriate one to file concerning the non-final Judgment, the record on appeal is woefully inadequate for this Court to determine that the Trial Court abused its discretion in denying Plaintiff's Rule 60.02 Motion to Set Aside. The record contains no affidavit in support of the motion, no transcript of the June 2001 hearing, and no statement of the evidence. *See* Tenn. R. App. P. 24(b) - (c). As the record contains no proof of the reasons for Plaintiff's absence from the March 2001 hearing, we cannot consider the reasons Plaintiff provides in his brief since those allegations are outside the record. *See* Tenn. R. Ct. App. 6; *see also Church v. Perales*, 39 S.W.3d 149, 160 (Tenn. Ct. App. 2000) (holding "[w]e cannot take judicial knowledge of . . . testimony, even if parts of it are cited in the briefs, because it is outside the record").

Due to the inadequacy of the record on appeal, this Court cannot possibly determine it was an abuse of discretion to deny Plaintiff's Motion to Set Aside. To do so would require this Court to speculate as to whether Plaintiff, at the June 2001 hearing, carried his burden of establishing, by clear and convincing evidence, his stated grounds of inadvertence or excusable neglect sufficient to warrant setting aside the Judgment under Tenn. R. Civ. P. 60.02(1). Moreover, in the complete absence of any proof in the record to the contrary, we must presume the Trial Court's denial of Plaintiff's Motion to Set Aside was supported by sufficient evidence. *See State Dep't of*

*Children's Serv. v. D.G.S.L.,* Tenn. App. LEXIS 941, at * 27; *State v. Oody*, 823 S.W.2d at 559. Accordingly, we affirm the Trial Court's Final Order on this issue.

Next, we address Plaintiff's argument on appeal that he was prejudiced by the Trial Court's decision to grant his attorney's motion to withdraw as counsel before the March 2001 hearing began. First, a party has no absolute right to counsel in a civil trial. *Knight v. Knight*, 11 S.W.3d 898, 900 (Tenn. Ct. App. 1999). Second, the record as presented to us by Plaintiff contains nothing to support Plaintiff's position he was prejudiced by the Trial Court's decision to grant his attorney's motion to withdraw. Defendant contends on appeal that while Plaintiff's counsel was allowed to withdraw, that same attorney participated in the March 2001 hearing, as evidenced by his signature on the Judgment. Defendant also points out that the same attorney represented Plaintiff on the Motion to Set Aside. Accordingly, we find no reversible error and hold this issue to be without merit.

We next consider the remaining issue on appeal regarding whether Plaintiff's appeal is frivolous. Defendant contends the appeal is frivolous due to Plaintiff's failure to prepare and preserve an adequate record on appeal pursuant to Tenn. R. App. P. 24 and requests an award of legal expenses incurred on appeal. We agree this appeal is frivolous. Plaintiff failed to take any steps to prepare an adequate record, either by transcript or a statement of the evidence. *See* Tenn. Code Ann. § 27-1-122; *Industrial Dev. Bd. of the City of Tullahoma v. Hancock*, 901 S.W.2d 382, 385 (Tenn. Ct. App. 1995) (holding that a "frivolous appeal is one that is 'devoid of merit,'. . . or one in which there is little prospect that it can ever succeed"). Tenn. Code Ann. § 27-1-122 provides that in the event of a frivolous appeal, this Court may award the appellee "expenses incurred . . . as a result of the appeal." Defendant has incurred further legal expenses due to Plaintiff's appeal, an appeal that is devoid of merit and had little prospect to succeed. Accordingly, we grant Defendant her reasonable attorneys' fees and expenses incurred on appeal. On remand, the Trial Court shall determine the amount of Defendant's reasonable attorneys' fees and expenses incurred in this appeal.

## Conclusion

The judgment of the Trial Court is affirmed, and this cause is remanded to the Trial Court for further proceedings consistent with this Opinion and for collection of the costs below. Costs on appeal are assessed against the Appellant, Michael Benjamin Couillard, and his surety.

_____
D. MICHAEL SWINEY, JUDGE