IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
March 5, 2019 Session

## EXPRESS SIGNS OF COOKEVILLE, LLC v. MARY JANE PATTERSON LUSK ET AL.

**Appeal from the Chancery Court for Putnam County**
**No. 2013-18  Ronald Thurman, Chancellor**

_____

### No. M2018-00556-COA-R3-CV

_____

Defendants appeal from the order of the Putnam County Chancery Court denying their Rule 60.02(5) motion to vacate default judgments against them. Because the trial court was correct in denying Appellants' motion to vacate, we affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed**

J. STEVEN STAFFORD, P.J., W.S., delivered the opinion of the court, in which ARNOLD B. GOLDIN, and KENNY ARMSTRONG, JJ., joined.

Josh Hoeppner, Kingsport, Tennessee, for the appellant, Kristopher M. Lusk.

Mary Jane Patterson Lusk and Steven James Lusk, Cookeville, Tennessee, Pro se.

Jeffrey G. Jones, Cookeville, Tennessee, for the appellee, Express Signs of Cookeville, LLC.

## MEMORANDUM OPINION[1]

### BACKGROUND

---

[1] Rule 10 of the Rules of the Court of Appeals of Tennessee provides:

> This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

This case originally arose as a contractual dispute over the terms of a non-compete agreement entered into by Express Signs of Cookeville, LLC ("Appellee"), Mary Jane Patterson Lusk, and Steven James Lusk ("Mr. and Mrs. Lusk"). Appellee filed suit against Mr. and Mrs. Lusk in the Putnam County Chancery Court ("trial court") on January 15, 2013, alleging that they were operating a business similar to that of Appellee in violation of the non-compete agreement. The complaint also named Mr. and Mrs. Lusk's son, Kristopher Lusk (collectively, "Appellants" or "the Lusks"), and alleged that Kristopher Lusk was liable for maliciously interfering with the contract between Mr. and Mrs. Lusk and Appellee. John Philip Parsons ("Mr. Parsons") was retained to represent Appellants in the contract dispute with Appellee. Thereafter, a lengthy series of discovery disputes ensued, during which Appellee filed numerous motions to compel and for sanctions against Appellants.[2] As a result, the trial court eventually entered a default judgment against Mr. and Mrs. Lusk for $568,807.78. Discovery disputes between Appellee and Kristopher Lusk continued, and the trial court also entered a default judgment against Kristopher Lusk on March 12, 2014. This judgment was in the amount of $1,706,423.30, treble the damages assessed against Mr. and Mrs. Lusk.

Appellants sought appellate review of the default judgments entered against them;[3] however, due to procedural errors made by Mr. Parsons in filing those appeals, the appeals were dismissed by this Court without any review on the merits.[4] Thereafter, Appellants hired attorney Josh Hoeppner to replace Mr. Parsons, and Mr. Hoeppner entered a notice of appearance for Appellants on June 6, 2016. Then, on October 13, 2017, more than a year later, Appellants filed a motion to vacate the default judgments against them pursuant to Tennessee Rule of Civil Procedure 60.02(5).[5] Therein, Appellants asserted that the default judgments against them were entered due to the gross negligence of their previous attorney, Mr. Parsons, and that Mr. Parson's behavior in handling the case was so extreme that relief under Rule 60.02(5) was warranted.

---

[2] At first, Kristopher Lusk retained different counsel; however, that counsel eventually withdrew and Mr. Parsons then entered a notice of appearance on behalf of Kristopher Lusk on November 21, 2014. While the issues regarding discovery and compliance with the trial court's orders began with Kristopher Lusk's original counsel, these issues persisted through Mr. Parson's representation.

[3] By this point in time, Mr. Parsons represented all of Appellants. While Mr. and Mrs. Lusk and Kristopher Lusk each pursued appellate review, those appeals were filed separately.

[4] Specifically, in regards to Mr. and Mrs. Lusk's first appeal, Mr. Parsons failed to timely file a transcript, statement of the evidence, or a notice that no transcript would be filed. After this appeal was dismissed, Mr. Parsons filed a motion to reinstate the appeal; however, this motion was untimely. Accordingly, Mr. and Mrs. Lusk's first appeal was terminated via order of this Court on September 11, 2014. In regards to Kristopher Lusk, Mr. Parsons again failed to file a transcript, statement of the evidence, or notice that no transcript would be filed. When given additional time to file the requisite documents, Mr. Parsons filed a statement of the evidence with the appellate court, rather than with the trial court. *See* Tenn. R. App. P. 24(c). As such, Kristopher Lusk's first appeal was dismissed by this Court on August 25, 2015.

[5] To be clear, all Appellants joined in a single motion to vacate, which motion is now at issue in this appeal.

A hearing on the motion to vacate was held on December 4, 2017; thereafter, on March 2, 2018, the trial court entered an order denying Appellants' Rule 60.02(5) motion on the ground that Appellants were aware of Mr. Parson's misconduct far before the motion to vacate was filed. Specifically, the trial court found that

> [Mr. and Mrs.] Lusk were aware of the problems surrounding their legal counsel long before the ethics counsel complaint and discipline. Further, the Court finds that they were on notice of these issues at least at the time of trial, due to comments made by Mr. and Mrs. Lusk at the trial which consisted of complaints about their legal counsel's representation. . . . As such, the Court finds that it is not excusable neglect under Tenn. Rule Civ. P. 60.02 for [Mr. and Mrs.] Lusk to wait as long as they have to raise this issue. . . . The Court further finds Mr. Kristopher Lusk, while his trial was at a later date, he was in Court with his parents, and he knew that there were deficiencies in his legal representation. . . . That the parties were on notice and there were serious questions about the Defendants' legal counsel, Phillip Parsons, well before him being disbarred.

Accordingly, the trial court denied Appellants' motion to vacate. Appellants then timely appealed to this Court.

## ISSUE PRESENTED

Although Mr. and Mrs. Lusk filed a pro se brief separate from Kristopher Lusk,[6] the legal arguments contained in both briefs are substantially similar. As such, we perceive the dispositive issue presented in this appeal to be whether the trial court erred in denying Appellants' motion to vacate the default judgments against them under Rule 60.02 of the Tennessee Rules of Civil Procedure.

## STANDARD OF REVIEW

"A Rule 60.02 motion for relief from a judgment is within the sound discretion of the trial court and the court's ruling on a Rule 60.02 motion may not be reversed on appeal unless it is determined that the court abused its discretion." *Holiday v. Shoney's South, Inc.*, 42 S.W.3d 90, 92 (Tenn. Ct. App. 2000) (citations omitted). Under this standard, we are not permitted to "substitute [our] judgment for that of the trial court[,]" and the trial court's ruling will be upheld "unless it affirmatively appears that the decision was against logic or reasoning, and caused an injustice or injury to the party

---

[6] Kristopher Lusk continues to be represented by Mr. Hoeppner on appeal. Although the record does not contain an order allowing Mr. Hoeppner to withdraw from his representation of Mr. and Mrs. Lusk, they have proceeded pro se in this appeal.

complaining." ***Eldridge v. Eldridge***, 42 S.W.3d 82, 85 (Tenn. 2001); ***Battleson v. Battleson***, 223 S.W.3d 278, 283 (Tenn. Ct. App. 2006).

## DISCUSSION

We begin with the language of Rule 60.02:

On motion and upon such terms as are just, the court may relieve a party or the party's legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (3) the judgment is void; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that a judgment should have prospective application; or (5) any other reason justifying relief from the operation of the judgment. . . .

According to our Supreme Court,

The general purpose of Rule 60.02 is "'to alleviate the effect of an oppressive or onerous final judgment.'" ***Black v. Black***, 166 S.W.3d 699, 703 (Tenn. 2005) (quoting ***Killion v. Dep't of Human Servs.***, 845 S.W.2d 212, 213 (Tenn. 1992)). Rule 60.02 is equally aimed at striking a "proper balance between the competing principles of finality and justice." ***Jerkins v. McKinney***, 533 S.W.2d 275, 280 (Tenn. 1976). Thus, relief under Rule 60.02 is not meant to be used in every case in which the circumstances of a party change after the entry of a judgment or order, nor by a party who is merely dissatisfied with a particular outcome. ***Toney v. Mueller Co.***, 810 S.W.2d 145, 146 (Tenn. 1991). Instead, relief is appropriate only in those relatively few instances that meet the criteria of the rule. ***Id.***

Rule 60.02 has been described as an "escape valve from possible inequity that might otherwise arise from the unrelenting imposition of the principle of finality imbedded in our procedural rules." ***Thompson v. Firemen's Fund Ins. Co.***, 798 S.W.2d 235, 238 (Tenn.1990). Out of respect for the finality afforded to legal proceedings, this "'escape valve' should not be easily opened." ***Toney***, 810 S.W.2d at 146. Accordingly, a party seeking relief from a judgment under Rule 60.02 bears the burden of proving that it is entitled to relief by clear and convincing evidence. ***McCracken***, 958 S.W.2d at 795.

***Henderson v. SAIA, Inc.***, 318 S.W.3d 328, 336 (Tenn. 2010).

Appellants in the present case seek relief pursuant to subsection (5) of Rule 60.02, which is construed narrowly. ***Wilkerson v. PFC Global Group, Inc.***, No. E2003-00362-COA-R3-CV, 2003 WL 22415359, at \*9 (Tenn. Ct. App. Oct. 23, 2003) (citing ***Federated Ins. Co. v. Lethcoe***, 18 S.W.3d 621, 625 (Tenn. 2000)). "Despite its broad language . . . [t]he standards of Rule 60.02(5) are even more demanding than those applicable to the other grounds for Rule 60.02 relief." ***Id.*** (citing ***NCBN Nat'l Bank of North Carolina v. Thrailkill***, 856 S.W.2d 150, 154 (Tenn. Ct. App. 1993); ***Duncan v. Duncan***, 789 S.W.2d 557, 564 (Tenn. Ct. App. 1990); ***Tenn. Dept. of Human Serv's v. Barbee***, 689 S.W.2d 863, 866 (Tenn. 1985)). As such, "the reasons for granting relief from a judgment under Tenn. R. Civ. P. 60.02(5) must be of 'overriding importance.'" ***Delong v. Vanderbilt Univ.***, 186 S.W.3d 506, 512 (Tenn. Ct. Ap. 2005) (citing ***Banks v. Dement Constr. Co.***, 817 S.W.2d 16, 19 (Tenn. 1991)).

To obtain relief under Rule 60.02, the moving party "must describe the basis of relief with specificity[.]" ***Hussey v. Woods***, 538 S.W.3d 476, 483 (Tenn. 2017) (quoting ***Minor Miracle Prods., LLC v. Starkey***, No. M2011-00072-COA-R3-CV, 2012 WL 112593, at \*7 (Tenn. Ct. App. Jan. 12, 2012)). Moreover, Tennessee courts have held that because the burden lies with the party seeking relief under Rule 60.02, that party "must offer proof of the basis upon which relief is sought." ***Walker v. Walker***, 211 S.W.3d 232, 235 (Tenn. Ct. App. 2006); *see also* ***McCracken***, 958 S.W.3d at 795 ("Parties seeking Tenn. R. Civ. P. 60.02 relief must substantiate their request by clear and convincing evidence."); ***In re Joeda J.***, 300 S.W.3d 710, 715 (Tenn. Ct. App. 2009) (Under Rule 60.02 "the burden is on the movant to set forth, in a motion or petition and supporting affidavits, facts explaining why the movant was justified in failing to avoid the mistake, inadvertence, surprise or neglect.").

For example, in ***Howard v. Howard***, 991 S.W.2d 251, 255 (Tenn. Ct. App. 1999), the husband in a divorce action sought to set aside the final decree of divorce through a Rule 60.02 motion. The basis of the husband's argument was that the wife had deceived the husband during the course of the settlement negotiations and as such, "the husband [felt] that the Marital Dissolution Agreement should be set aside and that the [j]udge should decide the division of property." ***Id.*** at 253. The trial court later held a hearing on, inter alia, the husband's motion to set aside the final decree of divorce; however,

> [a]t the hearing, neither party presented any evidence in support of or opposition to the [h]usband's motion to set aside. The parties' respective attorneys argued their positions with regard to the Husband's motion to set aside and other issues, but they neither presented the testimony of any witnesses nor properly introduced any affidavits, depositions, or other evidence in support of their respective positions.

*Id.* at 254. After the trial court denied the husband's motion to set aside, the husband appealed to this Court. *Id.* In light of the lack of evidence presented in the trial court, however, this Court concluded that the trial court did not abuse its discretion in denying the husband's motion. *Id.* at 255. In so holding, we noted that while the "[h]usband had the burden of presenting clear and convincing evidence that he was entitled to relief[,] . . . [he] presented no evidence in support of his motion." *Id.*

Likewise, in ***Couillard v. Couillard***, No. E2001-01700-COA-R3-CV, 2002 WL 1446669, at *3 (Tenn. Ct. App. July 3, 2002), we again concluded that the trial court correctly denied the plaintiff's Rule 60.02 motion where the plaintiff offered no proof in support of his motion. In that case, the trial court denied the plaintiff's initial petition for a reduction in child support after holding a hearing that the plaintiff did not attend. *Id.* at *1. Thereafter, the plaintiff sought to have the trial court's order set aside, arguing that he was unable to attend the hearing due to "inadvertence and excusable neglect." *Id.* at *2. The trial court then held another hearing on plaintiff's Rule 60.02 motion; the motion was denied, and the plaintiff appealed. *Id.*

This Court upheld the trial court's decision, concluding that there was simply no evidence in the record that the plaintiff carried his burden in showing that he was entitled to relief under Rule 60.02. We opined that "the record on appeal contain[ed] no hint, let alone proof, of the reasons for [p]laintiff's absence from the [child support] hearing." *Id.* at *3. Moreover, "[t]he record contain[ed] no affidavit in support of the motion, no transcript of the [hearing], and no statement of the evidence." *Id.* at *3. Further, we noted what support the plaintiff did offer for his motion was provided only in his appellate brief, rather than in the trial court; as such, this information was outside the record and could not be considered on appeal. *Id.* Consequently, we concluded that it would be impossible to find that the trial court abused its discretion in denying the plaintiff's motion. *Id.* at *4. "In the complete absence of any proof in the record to the contrary[,]" we "presume[d] that the trial court's denial of [the plaintiff's] motion to set aside was supported by sufficient evidence." *Id.*

The foregoing caselaw reflects that a trial court does not abuse its discretion in denying a Rule 60.02 motion when the movant fails to offer any proof in support of that motion. *See **Walker v. Walker**,* 211 S.W.3d 232 (Tenn. Ct. App. 2012) (concluding that the trial court correctly denied a Rule 60.02 motion to vacate the final decree of divorce where the movant alleged that she entered into the divorce settlement after incorrect advice of counsel, but failed to call her former counsel as a witness or present any other proof in support of her motion).[7]

---

[7] We must point out that ***Howard*** deals with Rule 60.02(2), while the Rule 60.02 motions in ***Couillard*** and ***Walker*** were brought pursuant to 60.02(1). Although the motion at issue in the present case was brought pursuant to 60.02(5), we nonetheless find the foregoing cases persuasive in light of the fact that a movant's duty to substantiate a request for relief under Rule 60.02 with clear and convincing evidence is not limited to one subsection of Rule 60.02. *See **Henderson***, 318 S.W.3d at 336 ("[A] party

Turning to the present case, we must conclude that the trial court correctly denied Appellants' Rule 60.02(5) motion in light of the absence of proof in support of that motion. Here, Appellants filed their motion to vacate on October 13, 2017; therein, Appellants asserted that the default judgments against them were rendered due to the misconduct of their previous counsel and his alleged indiscretions in handling the case. Consequently, Appellants averred in their Rule 60.02 motion that their circumstances amount to the "most extreme, unique, exceptional, or extraordinary[,]" such that the default judgments should be set aside. No affidavits or other documentary proof were attached to this motion.

The record reflects that the trial court held a hearing on the motion to vacate on December 4, 2017 and heard argument from both parties. However, there is nothing in the record that indicates that the parties put forth any affidavits, testimony, or other proof. Indeed, the trial court's order indicates that at the motion hearing the only thing the trial court received was "arguments from the parties." Moreover, there is no transcript from the December 4, 2017 hearing, nor did Appellants file a statement of the evidence. *See Couillard*, 2002 WL 1446669, at *3 ("The record contains no affidavit in support of the motion, no transcript of the June 2001 hearing, and no statement of the evidence. . . . Due to the inadequacy of the record on appeal, this Court cannot possibly determine it was an abuse of discretion to deny [p]laintiff's [m]otion to [s]et [a]side."). Instead, the only documents that Appellants attempt to rely on as proof in support of this appeal are attached to Kristopher Lusk's appellate brief, but not contained in the technical record. It is well-settled, however, that we simply cannot consider those documents in our review. *See* Tenn. R. App. P. 13(c); *see also Hicks v. Hicks*, No. W2001-02931-COA-R3-CV, 2003 WL 22272457, at *4 n.2 (Tenn. Ct. App. Sept. 29, 2003) ("Our jurisdiction is appellate only, and matters outside the record cannot be considered."); *Hunt v. Shaw*, 946 S.W.2d 306, 309 (Tenn. Ct. App. 1996) ("Counsel for the appellants calls our attention to an exhibit to his brief. That document is of no help to the plaintiffs on this appeal. Documents attached to a brief are not part of the official record on appeal.").

Accordingly, there is simply no evidentiary basis upon which we can conclude that the trial court abused its discretion in denying Appellants' motion to vacate. Although it was incumbent upon Appellants to "substantiate their request by clear and convincing evidence[,]" the record on appeal contains no proof in support of their motion to vacate, much less clear and convincing evidence. *McCracken*, 958 S.W.3d at 795; *see*

---

seeking relief from a judgment under Rule 60.02 bears the burden of proving that it is entitled to relief by clear and convincing evidence."). Moreover, as noted *supra*, the burden on a movant who seeks relief pursuant to 60.02(5) is heavier than when relief is sought under a different subsection. *See Lethcoe*, 18 S.W.3d at 624 ("Relief under Rule 60.02(5) is only appropriate in cases of overwhelming importance or in cases involving extraordinary circumstances or extreme hardship."); *Underwood v. Zurich Ins. Co.*, 854 S.W.2d 94 (Tenn. 1993) ("Tennessee has chosen to construe [60.02(5)] narrowly."). Accordingly, the foregoing cases are illustrative in that they address the situation where the proponent of a Rule 60.02 motion offers no evidence in support of that motion, as is the case in the present appeal.

*also* **Hussey**, 538 S.W.3d at 483 ("Evidence is clear and convincing when it leaves no serious or substantial doubt about the correctness of the conclusions drawn.") (citation omitted). Considering that "the bar for obtaining relief under Tenn. R. Civ. P. 60.02(5) is even higher than the bar for obtaining relief under other grounds in [Rule 60.02,]" we are unconvinced that Appellants have satisfied their burden here. **Delong v. Vanderbilt Univ.**, 186 S.W.3d 506, 512 (Tenn. Ct. App. 2005). Indeed, "it is axiomatic that when a party fails to present any evidence on an issue as to which he bears the burden of proof, the party has failed to carry his burden." **Howard**, 991 S.W.2d at 255. "In the complete absence of any proof in the record to the contrary[,]" we presume that the trial court acted within its discretion in denying Appellants' motion to vacate. **Couillard**, 2002 WL 1446669, at *4. As such, we conclude that the order of the trial court denying Appellants' motion to vacate should be affirmed. **Howard**, 991 S.W.2d at 255.

## Conclusion

The order of the Putnam County Chancery Court denying Appellants relief under Tennessee Rule of Civil Procedure 60.02 is affirmed. Costs of this appeal are taxed to Appellants, Steven James Lusk, Mary Jane Patterson Lusk, and Kristopher M. Lusk, for which execution may issue if necessary.

_____
J. STEVEN STAFFORD, JUDGE