IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON

## BEATRICE HOLIDAY v. SHONEY'S SOUTH, INC.

**Direct Appeal from the Circuit Court for Shelby County**
**No. 32187      John R. McCarroll, Jr., Judge**

---

**No. W1999-01173-COA-R3-CV - Decided May 31, 2000**

---

This appeal arises from the trial court's denial of a motion filed by Plaintiff Beatrice Holiday to set aside a voluntary non-suit that Ms. Holiday had taken in a previous lawsuit against Defendant Shoney's South, Inc. ("Shoney's"). In support of the motion to set aside the non-suit, counsel for Ms. Holiday argued that the non-suit was taken in reliance on the trial court's assurance that he did not need to be concerned with a voluntary non-suit previously taken in the cause and that the previous non-suit would not "count against him." We affirm the order of the trial court denying Ms. Holiday's motion to set aside the non-suit.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed; and Remanded**

FARMER, J., delivered the opinion of the court, in which CRAWFORD, P.J., W.S., and LILLARD, J., joined.

Gerald S. Green, Memphis, Tennessee, for Appellant, Beatrice Holiday.

Thomas F. Preston, Memphis, Tennessee, for Appellee, Shoney's South, Inc.

### OPINION

Ms. Holiday allegedly sustained personal injuries when she fell at Shoney's in November of 1987. In January of 1988, Ms. Holiday filed an action against Shoney's in general sessions court but subsequently non-suited the action on January 11, 1989. Ms. Holiday re-filed the case in circuit court on January 8, 1990. In March of 1994, Ms. Holiday non-suited the circuit court action. On March 24, 1995, Ms. Holiday re-filed the case a second time in circuit court. In August of 1995, Shoney's filed a motion to dismiss, which was granted by the trial court.[1] Ms. Holiday did not

---

[1]The limitations period for a personal injury claim in Tennessee is one year from the date on which the cause of action accrues. *See* Tenn. Code Ann. § 28-3-104(a)(1) (Supp. 1999). In the case at bar, Ms. Holiday's cause of action accrued on November 29, 1987, the date on which she was

appeal the trial court's order granting the motion to dismiss. Instead, Ms. Holiday filed a motion pursuant to Rule 60.02 of the Tennessee Rules of Civil Procedure asking the court to set aside the voluntary non-suit that she had taken in March of 1994. In support of the motion, Ms. Holiday filed an affidavit in which Gerald Stanley Green, Ms. Holiday's attorney, testified that, before taking the March 1994 non-suit, Judge Wyeth Chandler advised him that he did not need to be concerned about the non-suit that he had previously taken in the general sessions action. Additionally, in opposition of the motion, Shoney's filed an affidavit executed by Betty Ann Milligan. In this affidavit, Ms. Milligan testified (1) that she served as counsel for Shoney's at the time that the March 1994 non-suit was taken, (2) that counsel for Ms. Holiday advised Judge Chandler that he was not ready for trial and that opposing counsel would not consent to an additional continuance, (3) that a discussion between counsel and Judge Chandler took place in the courtroom but that she does not recall whether Judge Chandler was aware of the non-suit that had been taken in the general sessions action, and (4) that she never consented to the taking of a second non-suit. After a hearing on the matter, Judge John McCarroll[2] entered an order denying Ms. Holiday's motion to set aside the March 1994 non-suit. This appeal by Ms. Holiday followed.

The sole issue raised on appeal is whether the trial court erred in denying Ms. Holiday's Rule 60.02 motion to set aside the voluntary non-suit taken by Ms. Holiday in March of 1994. A Rule 60.02 motion for relief from a judgment is within the sound discretion of the trial court and the court's ruling on a Rule 60.02 motion may not be reversed on appeal unless it is determined that the court abused its discretion. *See Underwood v. Zurich Ins. Co.*, 854 S.W.2d 94, 97 (Tenn. 1993); *Banks v. Dement Constr. Co.*, 817 S.W.2d 16, 18 (Tenn. 1991); *Toney v. Mueller Co.*, 810 S.W.2d 145, 147 (Tenn. 1991); *Travis v. City of Murfreesboro*, 686 S.W.2d 68, 70 (Tenn. 1985); *Spruce v. Spruce*, 2 S.W.3d 192, 194 (Tenn. Ct. App. 1998); *Day v. Day*, 931 S.W.2d 936, 939 (Tenn. Ct. App. 1996); *Ellison v. Alley*, 902 S.W.2d 415, 418 (Tenn. Ct. App. 1995).

Ms. Holiday asked the trial court to set aside the voluntary non-suit that she had taken in

---

allegedly injured on Shoney's premises. In January of 1988, Ms. Holiday timely filed an action against Shoney's in general sessions court but later caused the action to be dismissed by voluntary non-suit on January 11, 1989. On January 8, 1990, Ms. Holiday re-filed the action in circuit court. Although the circuit court action was filed more than one year after November 29, 1987, it was nevertheless rendered timely by Tennessee's savings statute, which allows a timely filed action that has been non-suited to be recommenced within one year of the date on which the non-suit was taken. *See* Tenn. Code Ann. § 28-1-105(a) (Supp. 1999). After non-suiting this first circuit court action, Ms. Holiday filed a second complaint against Shoney's in circuit court on March 24, 1995. This second circuit court complaint was not filed within the applicable limitations period or within one year of January 11, 1989, the date on which Ms. Holiday took a voluntary non-suit of her general sessions action. Thus, the trial court granted Shoney's motion to dismiss Ms. Holiday's second circuit court complaint. *See Payne v. Matthews*, 633 S.W.2d 494, 495-96 (Tenn. Ct. App. 1982).

[2]By the time of the hearing on Ms. Holiday's motion to set aside the March 1994 non-suit, Judge Chandler had retired and had been replaced by Judge McCarroll.

March of 1994 pursuant to Rule 60.02, which provides as follows:

> On motion and upon such terms as are just, the court may relieve a party or the party's legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (3) the judgment is void; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that a judgment should have prospective application; or (5) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and for reasons (1) and (2) not more than one year after the judgment, order or proceeding was entered or taken. A motion under this Rule 60.02 does not affect the finality of a judgment or suspend its operation, but the court may enter an order suspending the operation of the judgment upon such terms as to bond and notice as to it shall seem proper pending the hearing of such motion. This rule does not limit the power of a court to entertain an independent action to relieve a party from a judgment, order or proceeding, or to set aside a judgment for fraud upon the court. Writs of error coram nobis, bills of review and bills in the nature of a bill of review are abolished, and the procedure for obtaining relief from a judgment shall be by motion as prescribed in these rules or by an independent action.

T.R.C.P. 60.02. Ms. Holiday's Rule 60.02 motion and appellate brief do not indicate the precise section or sections of Rule 60.02 on which she is relying. There is no allegation or proof in the record suggesting that the judgment was procured by fraud, misrepresentation, or misconduct on the part of Shoney's, that the judgment is void, or that the judgment has been satisfied, released, discharged, reversed, vacated, or that is no longer equitable to apply the judgment prospectively. Thus, we assume that Ms. Holiday seeks relief under sections (1) and (5) of Rule 60.02.

We first address Ms. Holiday's request for relief pursuant to Rule 60.02(1), which allows the trial court to relieve a party from a judgment upon a showing of "mistake, inadvertence, surprise or excusable neglect." T.R.C.P. 60.02(1). Rule 60.02 specifically provides that "[t]he motion shall be made within a reasonable time, and for reasons (1) and (2) not more than one year after the judgment, order or proceeding was entered or taken." T.R.C.P. 60.02. Ms. Holiday took a voluntary non-suit of the action that she had filed against Shoney's in the circuit court on March 28, 1994. Ms. Holiday did not file her Rule 60.02 motion asking the court to set aside the March 1994 non-suit until September 29, 1995, more than one year after the taking of the non-suit. Thus, with respect to Rule 60.02(1), we conclude that Ms. Holiday's motion was untimely.

Even assuming, however, that her Rule 60.02 motion was timely filed, we would still conclude that Ms. Holiday is not entitled to relief under Rule 60.02(1). Ms. Holiday argues on appeal that both her attorney and the trial judge were mistaken regarding the legal effect of the voluntary non-suit that she had taken in her general sessions action against Shoney's and that,

consequently, she was surprised by the motion to dismiss the second lawsuit that she filed against Shoney's in circuit court. It is well settled that ignorance of an attorney with respect to the applicable law or rules is not the type of mistake that invokes the relief provided for under Rule 60.02(1). *See Food Lion, Inc. v. Washington County Beer Bd.*, 700 S.W.2d 893, 896 (Tenn. 1985); *Spruce*, 2 S.W.3d at 195; *Bivins v. Hospital Corp. of America*, 910 S.W.2d 441, 446 (Tenn. Ct. App. 1995); *Kilby v. Sivley*, 745 S.W.2d 284, 287 (Tenn. Ct. App. 1987). Accordingly, the mistake of law in the case at bar does not entitle Ms. Holiday to relief under Rule 60.02(1). Likewise, the surprise experienced by Ms. Holiday in the case at bar was solely the result of this mistake of law and therefore is not the type of surprise for which relief from a judgment may be granted under Rule 60.02(1). Assuming, then, that Ms. Holiday's request for relief under Rule 60.02(1) was timely, we conclude that the trial court did not abuse its discretion in denying the requested relief.

We next address Ms. Holiday's request for relief pursuant to Rule 60.02(5), under which the trial court may relieve a party from a final judgment for "any other reason justifying relief from the operation of the judgment." T.R.C.P. 60.02(5). Rule 60.02(5) has been construed very narrowly by the Tennessee courts. *See Underwood*, 854 S.W.2d at 97; *Tyler v. Tyler*, 671 S.W.2d 492, 495 (Tenn. Ct. App. 1984). The purpose of Rule 60.02(5) is not to relieve a party from his or her free, calculated, and deliberate choices. *See Underwood*, 854 S.W.2d at 99; *Banks*, 817 S.W.2d at 19; *Day*, 931 S.W.2d at 939. Rather, Rule 60.02(5) affords relief in the most extreme, unique, exceptional, or extraordinary cases and generally applies only to circumstances other than those contemplated in sections (1) through (4) of Rule 60.02. *See Underwood*, 854 S.W.2d at 97; *NCNB Nat'l Bank v. Thrailkill*, 856 S.W.2d 150, 154 (Tenn. Ct. App. 1993); *Duncan v. Duncan*, 789 S.W.2d 557, 564 (Tenn. Ct. App. 1990). Thus, an untimely request under Rule 60.02(1) may not be asserted under Rule 60.02(5). *See Wallace v. Aetna Life & Cas. Co.*, 666 S.W.2d 66, 67 (Tenn. 1984); *Henderson v. Kirby*, 944 S.W.2d 602, 605 (Tenn. Ct. App. 1996). Ms. Holiday argues on appeal that the facts of the case at bar are "unique, exceptional, and extraordinary." She fails to demonstrate, however, any way in which the facts underlying her request for relief under Rule 60.02(5) differ from the facts relied upon in support of her request for relief under Rule 60.02(1). As noted above, Ms. Holiday's request for relief under Rule 60.02(1) was untimely. Ms. Holiday may not assert this untimely request under Rule 60.02(5). We therefore conclude that the trial court did not abuse its discretion in denying the relief requested by Ms. Holiday under Rule 60.02(5).

Based on the foregoing, we affirm the trial court's order denying Ms. Holiday's request to set aside her March 1994 non-suit pursuant to Rule 60.02. The costs of this appeal are taxed to Ms. Holiday, for which execution may issue if necessary.