# IN THE COURT OF APPEALS OF TENNESSEE
## AT JACKSON
September 21, 2005 Session

## ANDRE MATTHEWS v. SHELBY COUNTY GOVERNMENT

**A Direct Appeal from the Chancery Court for Shelby County**
**No. 110180-2     The Honorable Arnold Goldin, Chancellor**

---

### No. W2005-00470-COA-R3-CV - Filed October 17, 2005

---

Appellant filed suit against the county alleging violations of the Tennessee Human Rights Act, and the case was dismissed for failure to prosecute. Approximately three years later, Appellant filed a Tenn. R. Civ. P. 60.02 motion for relief from the order of dismissal. The trial court denied the motion, and Appellant appeals. We affirm.

**Tenn. R. App. P. 3; Appeal as of Right; Judgment of the Chancery Court Affirmed**

W. FRANK CRAWFORD, P.J., W.S., delivered the opinion of the court, in which ALAN E. HIGHERS, J. and HOLLY M. KIRBY, J., joined.

Gerald S. Green of Memphis for Appellant, Andre Matthews

M. Dell Stiner, Assistant Shelby County Attorney, for Appellee, Shelby County Government

### MEMORANDUM OPINION[1]

On November 14, 1997, Andre Matthews ("Plaintiff" or "Appellant") filed a complaint against the Shelby County Government ("Shelby County," "Defendant," or "Appellee"), alleging that he was unlawfully dismissed from his position as a counselor at the Shelby County Correctional Center. Specifically, Mr. Matthews asserts that his termination violated T.C.A. 4-21-102(4) of the Tennessee Human Rights Act. On December 30, 1997, Shelby County filed its Answer. No other activity occurred on the case and, on September 20, 2001 upon motion of the Clerk and Master of the Shelby County Chancery Court, the case was dismissed without prejudice for failure to prosecute. On September 14, 2004, Mr. Matthews filed a Rule 60.02 "Motion For Relief From Order

---

[1]Rule 10 (Court of Appeals). <u>Memorandum Opinion</u>. -- (b) The Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in a subsequent unrelated case.

Dismissing Cause For Lack Of Prosecution." An Order denying the motion was entered on February 2, 2005, and Appellant filed a Notice of Appeal on February 18, 2005. The Appellant raises one issue for review, as stated in his brief:

> Whether the trial court erred when it denied appellant's motion to set aside the order dismissing case for lack of prosecution when Appellant had not been given adequate notice and an opportunity to be heard at a critical stage of litigation and therefore, denied Appellant the due process of law.

It is undisputed that Mr. Matthews did not receive notice that his action was to be dismissed. In fact, he did not receive notice that the case had been dismissed until September 13, 2004, almost three years after the dismissal for failure to prosecute. Mr. Matthews asserts that failure to give notice that the court was contemplating dismissal of his cause of action prevented him from addressing the merits of dismissal before final judgment was entered. The Appellant contends that the order dismissing his case should be set aside under Rule 60.02 of the Tennessee Rules of Civil Procedure. Rule 60.02 states in pertinent part as follows:

> On motion and upon such terms as are just, the court may relieve a party or the party's legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (3) the judgment is void; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that a judgment should have prospective application; or (5) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and for reasons (1) and (2) not more than one year after the judgment, order or proceeding was entered or taken.

We note that Mr. Matthews' Rule 60.02 Motion did not set out with particularity which provision(s) of Rule 60.02 he relies upon. However, from the record and pleadings, it appears that Mr. Matthews does not rely upon ground (2) fraud, ground (3) the judgment was void, or ground (4) satisfaction of judgment. Consequently, it appears that he is proceeding on on ground (1) mistake, inadvertence, surprise or excusable neglect, or ground (5) any other reason justifying relief from the operation of the judgment.

Tennessee's trial courts possess broad discretionary authority to control their dockets and the proceedings in their courts. *Hodges v. Attorney General,* 43 S.W.3d 918, 921 (Tenn Ct. App. 2000). They have the express authority to dismiss cases for failure to prosecute or for failure to comply with the Tennessee Rules of Civil Procedure or the orders of the court. Tenn. R. Civ. P. 41.02(1). These rules permit trial courts, in their discretion, to dismiss complaints on their own motion for failure to prosecute, but this authority should be exercised sparingly and with great care.

*Harris v. Baptist Mem'l Hosp.,* 574 S.W.2d 730, 731 (Tenn.1978). Tenn. R. Civ. P. 41.02(1) does not explicitly require the trial court to give a plaintiff notice before dismissing a complaint for failure to prosecute. Rule 22, Rules of Shelby County Chancery Court, provides for dismissal for failure to prosecute after twelve months without steps being taken by plaintiff to dispose of the case.

On appeal of a denial of a motion for relief under Rule 60.02 of the Tennessee Rules of Civil Procedure, the appellate court may reverse the denial of the motion for relief only if the denial amounts to an abuse of discretion. *Underwood v. Zurich Ins. Co.,* 854 S.W.2d 94, 97 (Tenn. 1993); *Hart v. Tourte,* 10 S.W.3d 263, 269 (Tenn. Ct. App. 1999).

Based on the provisions of 60.02 (1) a motion for relief from a judgment based upon mistake, inadvertence, surprise or excusable neglect must be filed no more than one year after judgment was entered. Tennessee courts have held, based on the importance of the principle of finality, that the one year limitation for filing under Rule 60.02 (1) and (2) is a hard line rule. *See, e.g., Wright v. Quillen,* 75 S.W.3d. 413, 418 (Tenn. Ct. App. 2001) (ruling that defendant's Rule 60.02 motion for relief from judgment based on ground (2) fraud, which was filed three years and ten months after the motion was granted by the trial court, was untimely because it was required to be filed within one year after judgment was entered); *Holiday v. Shoney's South, Inc.* 42 S.W.3d 90, 93 (Tenn. Ct. App. 2000) (finding that plaintiff's request for relief pursuant to Rule 60.02(1) was filed more than one year after the judgment and was untimely); *Ellison v. Alley,* 902 S.W.2d 415, 417 (Tenn. Ct. App. 1995) (holding that motion filed pursuant to Rule 60.02(2) was untimely when filed more than one year after challenged judgement was entered). In the present case, the Appellant filed his motion for relief almost three years after the order dismissing the case was entered, thereby barring the Appellant from filing under Rule 60.02 (1).

We now turn to the question of whether Rule 60.02(5) provides Appellant any basis for relief. Despite its broad language, Rule 60 .02(5) is construed narrowly. *Federated Insurance Co. v. Lethcoe,* 18 S.W.3d 621, 625 (Tenn. 2000); *NCNB National Bank of North Carolina v. Thrailkill,* 856 S.W.2d 150, 154 (Tenn. Ct. App. 1993); *Steioff v. Steioff,* 833 S.W.2d 94, 97 (Tenn. Ct. App. 1992). The standards of Rule 60.02(5) are even more demanding than those applicable to the other grounds for Rule 60.02 relief. *NCNB National Bank of North Carolina v. Thrailkill,* 856 S.W.2d at 154; *Duncan v. Duncan,* 789 S.W.2d 557, 564 (Tenn. Ct. App. 1990) (citing *Tenn. Dept. of Human Services v. Barbee,* 689 S.W.2d 863, 866 (Tenn. 1985)). A party remains under a duty to take legal steps to protect his or her own interests. *NCNB National Bank of North Carolina v. Thrailkill,* 856 S.W.2d at 154; *Magnavox Co. of Tenn. v. Boles & Hite Constr. Co.,* 583 S.W.2d 611, 613 (Tenn. Ct. App. 1979). Rule 60.02(5) is intended to provide relief only in cases of overwhelming importance or in cases involving extraordinary circumstances or extreme hardship. *Federated Insurance Co. v. Lethcoe,* 18 S.W.3d at 624. The use of Rule 60.02(5) still carries the burden that "the motion shall be made within a reasonable time." Tenn. R. Civ. P. 60.02.

The Appellant argues that the trial court's failure to give notice that the court was contemplating dismissal of his cause of action is reason enough to justify relief from the operation of the order of dismissal. In *Tennessee Dept. of Human Services v. Barbee*, 689 S.W.2d 863, 868 (Tenn. 1985), the Tennessee Supreme Court held that the failure of notice constituted excusable neglect justifying relief from a default judgment. However, in that case, the defendant seeking relief from the trial court's order was personally free of fault. *Id.* That is not true in the present case.

Between December 30, 1997, (when the Appellant received the Answer filed by the Defendant), and September 20, 2001, (when the trial court ordered dismissal of the case), a period of more than three years lapsed. During that time, Mr. Matthews was under a duty to take legal steps to protect his interests. He did not. Our search of the record reveals neither excuse nor explanation for Mr. Matthews' delay in moving forward with the prosecution of his case. Furthermore, a period of two years and eleven months elapsed from the time of the trial court's order of dismissal before Mr. Matthews filed his motion for relief from judgment. In total, this constitutes six years and seven months between the time Shelby County filed its answer, and the filing of Mr. Matthews' Rule 60.02 motion. Even where there has been a lack of notice upon a party regarding the intention to move for a dismissal, Tennessee courts have not allowed that relief when the moving party has not been diligent in protecting their own interest. *See, e.g., **White v. College Motors, Inc.,*** 370 S.W.2d 476, 477 (Tenn. 1963) (holding that where almost five years had elapsed from issuance of a summons to order of dismissal, and during such time the only actions taken were filing of declarations and answers thereto, court could conclude that actions had been abandoned, and defendants were not required to give notice of intention to move for a dismissal and it was not necessary to grant plaintiffs a hearing before any action was taken on the motion); **Hessmer v. Hessmer,** 138 S.W.3d 901, 905 (Tenn. Ct. App. 2003) (affirming the trial court's order to dismiss for failure to prosecute even though plaintiff had not received prior notice of the intention to dismiss his action, because plaintiff knew that the original summons had been returned unserved and let the case proceed for seven months without making any effort to achieve service or move case forward). From the record, we cannot conclude that the trial court's denial of Mr. Matthews' Motion for Relief from Order Dismissing the Case for Failure to Prosecute amounted to an abuse of discretion.

For the foregoing reason, we affirm the Order of the trial court. Cost of this appeal are assessed against the Appellant, Andre Matthews, and his surety.

_____
W. FRANK CRAWFORD, PRESIDING JUDGE,
WESTERN SECTION