IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
July 8, 2014 Session

## BONNIE ELLEN PIERRE v. EDWARD JOSEPH PIERRE

**Appeal from the Circuit Court for Sevier County**
**No. 2010-0769-II     Richard R. Vance, Judge**

_____

**No. E2013-01864-COA-R3-CV-FILED-OCTOBER 30, 2014**

_____

In this post-divorce case, Edward Joseph Pierre ("Husband") appeals the trial court's decision refusing to grant him relief under Tenn. R. Civ. P. 60.02. Husband argues that the trial court's divorce judgment based upon irreconcilable differences should be set aside and the case reopened because the parties' marital dissolution agreement ("MDA"), which was duly approved by the trial court and incorporated into the judgment, allegedly fails to equitably divide the marital estate. Husband voluntarily signed the MDA before a notary public but declined to read it before he signed it. Finding no grounds for Rule 60.02 relief, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court
Affirmed; Case Remanded**

CHARLES D. SUSANO, JR., C.J., delivered the opinion of the Court, in which D. MICHAEL SWINEY and THOMAS R. FRIERSON, II, JJ., joined.

David M. Boyd, Knoxville, Tennessee, for the appellant, Edward Joseph Pierre.

Peter D. Van de Vate, Knoxville, Tennessee, for the appellee, Bonnie Ellen Pierre.

**OPINION**

I.

In late October 2010, Husband told his spouse, Bonnie Ellen Pierre ("Wife"), that he wanted a divorce. Wife downloaded forms from an internet website for a complaint for divorce, an MDA, and a final judgment for divorce. After discussing how they would divide their property, the parties executed the MDA, which Wife had filled out by checking the appropriate boxes and filling in the blanks with handwritten information. Neither party consulted an attorney at any point before the divorce judgment became final. The MDA provides that "[t]he parties have divided the personal property they own individually or jointly. The [parties are] satisfied that a fair division has been made of it." The MDA describes the marital residence – the parties' only real estate – and provides that it "shall be vested solely in the wife, and the other spouse will thereby be divested of all right, title, and interest in it." Husband testified that he signed the MDA in the presence of a notary on November 4, 2010, but that he did not read it before he signed it, because he trusted that the marital property would "split everything down the middle." He said that this was the understanding of the parties leading to the execution of the MDA.

Wife filed her complaint for divorce on November 5, 2010. The trial court entered judgment declaring the marriage dissolved on the ground of irreconcilable differences on January 13, 2011. The judgment, signed by Circuit Court Judge Rex Henry Ogle, provided as follows:

> The Court finds that the parties have made adequate and sufficient provision in a Marital Dissolution Agreement for the equitable division of all property and debts between them. It is attached and incorporated as part of this Decree.

Apparently, Husband did not appear before the trial court when the divorce judgment was signed by the court and entered by the clerk. The judgment does bear his signature as approving the judgment for entry.

On June 7, 2011, Husband, then and for the first time represented by counsel in this matter, filed a motion to set aside the divorce judgment pursuant to Rule 60.02. Husband alleged that the MDA "is a product of fraud, duress, and misrepresentation and other misconduct on behalf of [Wife]," and that it "do[es] not provide for a fair and equitable division of the parties' assets and debts as is required by Tennessee law." Wife, also represented by counsel, opposed the motion. A hearing was held before Circuit Court Judge Richard R. Vance on November 4, 2011. After hearing the testimony of Husband and Wife, the trial court entered an order denying Husband's motion and stating in pertinent part as follows:

-2-

The [Husband] failed to carry the burden of proof as it relates to claims of fraud, duress, or misrepresentation pursuant to [Husband's] Motion to Set Aside the Final Decree of Divorce pursuant to Rule 60.02 of the Tennessee Rules of Civil Procedure.

The Court finds that the parties['] Marital Dissolution Agreement, previously adopted by this Honorable Court on or about January 13, 2011, complies with [the] requirements [of] T.C.A. 36-4-103(b).

The Court finds that it does not have an affirmative duty to ensure an equitable division of the property and debts enumerated in the parties['] Marital Dissolution Agreement, insomuch as the parties are free to contract with one another relating to their distribution and division of their assets, debts, and financial resources.

(Paragraph numbering in original omitted.) Husband timely filed a notice of appeal.

II.

The issue on appeal is whether the trial court erred in refusing to set aside the divorce judgment under Tenn. R. Civ. P. 60.02. In his brief, Husband has phrased his issues presented as follows:

1. Whether [an MDA] is a valid and enforceable contract when it fails to both disclose, or to equitably divide, all of the parties['] property, thus omitting essential elements of a Marital Dissolution Agreement contract.

2. Whether . . . a Trial Court has an affirmative duty to ensure the equitable division [of] all of the parties['] property as mandated by Tenn. Code Ann. § 36-4-103(b), prior to granting the parties a divorce based upon the ground of Irreconcilable Differences[.]

III.

The governing rule in this case, Tenn. R. Civ. P. 60.02, provides, in pertinent part, as follows:

> On motion and upon such terms as are just, the court may relieve a party . . . from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (3) the judgment is void; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that a judgment should have prospective application; or (5) any other reason justifying relief from the operation of the judgment.

Husband's motion asserts that,

> the Final Decree of Divorce and the Marital Dissolution Agreement entered into by the parties, is a product of fraud, duress, and misrepresentation, and other misconduct on behalf of [Wife].  In addition, they do not provide for a fair and equitable division of the parties' assets and debts as required by Tennessee law, and severely prejudice the Petitioner with the contents therein.

In his brief, Husband states that "the Trial Court opined that the Husband failed to carry his burden of proof as it related to his claims of fraud, duress, and undue influence.  The Husband does not seek appellate review of this finding."  Because Husband has not appealed the trial court's ruling on the grounds of "fraud, . . . misrepresentation, or other misconduct of an adverse party," as those bases are set forth in Rule 60.02(2), the question is whether Husband demonstrated "any other reason justifying relief from the operation of the judgment" under subsection (5) of Rule 60.02.

In two recent opinions, *Henderson v. SAIA, Inc.*, 318 S.W.3d 328 (Tenn. 2010), and *Furlough v. Spherion Atlantic Workforce, LLC*, 397 S.W.3d 114 (Tenn. 2013), the Supreme Court discussed the standards applicable to a Rule 60.02 motion challenging a trial court's final judgment.  In *Henderson*, the Court reiterated the appropriate standard of review, stating as follows:

Tennessee law is clear that the disposition of motions under Rule 60.02 is best left to the discretion of the trial judge. ***Underwood v. Zurich Ins. Co.***, 854 S.W.2d 94, 97 (Tenn. 1993); ***Banks v. Dement Constr. Co.***, 817 S.W.2d 16, 18 (Tenn.1991); ***McCracken v. Brentwood United Methodist Church***, 958 S.W.2d 792, 795 (Tenn. Ct. App. 1997). The standard of review on appeal is whether the trial court abused its discretion in granting or denying relief. This deferential standard "reflects an awareness that the decision being reviewed involved a choice among several acceptable alternatives," and thus "envisions a less rigorous review of the lower court's decision and a decreased likelihood that the decision will be reversed on appeal." ***Lee Medical, Inc. v. Beecher***, 312 S.W.3d 515, 524 (Tenn. 2010).

A trial court abuses its discretion when it causes an injustice by applying an incorrect legal standard, reaching an illogical decision, or by resolving the case "on a clearly erroneous assessment of the evidence." ***Id.*** The abuse of discretion standard does not permit the appellate court to substitute its judgment for that of the trial court. ***Eldridge v. Eldridge***, 42 S.W.3d 82, 85 (Tenn. 2001). Indeed, when reviewing a discretionary decision by the trial court, the "appellate courts should begin with the presumption that the decision is correct and should review the evidence in the light most favorable to the decision." ***Overstreet v. Shoney's, Inc.***, 4 S.W.3d 694, 709 (Tenn. Ct. App. 1999); *see also* ***Keisling v. Keisling***, 196 S.W.3d 703, 726 (Tenn. Ct. App. 2005).

318 S.W.3d at 335.

In ***Furlough***, the High Court provided the following additional guidance:

[W]e have characterized relief under Rule 60.02 as an "exceptional remedy," ***Nails v. Aetna Ins. Co.***, 834 S.W.2d 289, 294 (Tenn. 1992), "designed to strike a proper balance between the competing principles of finality and justice," ***Jerkins v. McKinney***, 533 S.W.2d 275, 280 (Tenn. 1976). Rule 60.02 provides an "escape valve," ***Thompson v. Firemen's Fund Ins. Co.***, 798 S.W.2d 235, 238 (Tenn.1990), that "should not be

easily opened." ***Toney v. Mueller Co.***, 810 S.W.2d 145, 146 (Tenn. 1991). We have reversed relief granted under Rule 60.02 where the judgment was "not oppressive or onerous." ***Killion v. Tenn. Dep't of Human Servs.***, 845 S.W.2d 212, 214 (Tenn. 1992). "[R]elief under Rule 60.02 is not meant to be used in every case in which the circumstances of a party change after the entry of a judgment or order, nor by a party who is merely dissatisfied with a particular outcome." ***Henderson***, 318 S.W.3d at 336.

A party seeking relief under Rule 60.02 must substantiate the request with clear and convincing evidence. ***McCracken v. Brentwood United Methodist Church***, 958 S.W.2d 792, 795 (Tenn. Ct. App. 1997). "Clear and convincing evidence means evidence in which there is no serious or substantial doubt about the correctness of the conclusions drawn from the evidence." ***Hodges v. S.C. Toof & Co.***, 833 S.W.2d 896, 901 n. 3 (Tenn. 1992). "In other words, the evidence must be such that the truth of the facts asserted [is] 'highly probable.' " ***Goff v. Elmo Greer & Sons Constr. Co.***, 297 S.W.3d 175, 187 (Tenn. 2009) (quoting ***Teter v. Republic Parking Sys., Inc.***, 181 S.W.3d 330, 341 (Tenn. 2005)). In general, "the bar for attaining relief is set very high and the burden borne by the movant is heavy." ***Johnson v. Johnson***, 37 S.W.3d 892, 895 n .2 (Tenn. 2001).

397 S.W.3d at 127-28 (brackets in original).

Moreover, both ***Furlough*** and ***Henderson*** suggest that the bar is higher still for a litigant relying on the "catch-all" provision of subsection (5):

Although motions based on Rule 60.02(5) are subject only to the "reasonable time" limitation, . . . Rule 60.02(5) has been construed narrowly by Tennessee's courts. *See* ***Holiday v. Shoney's South, Inc***., 42 S.W.3d 90, 94 (Tenn. Ct. App. 2000) (citing ***Underwood v. Zurich Ins. Co.***, 854 S.W.2d 94, 97 (Tenn. 1993)). Rule 60.02(5) does not "relieve a party from his or her free, calculated, and deliberate choices." ***Id.*** Instead, the rule "affords relief in the most extreme, unique, exceptional, or extraordinary cases and generally applies only to circumstances

-6-

other than those contemplated in sections (1) through (4) of Rule 60.02." **Holiday**, 42 S.W.3d at 94.

**Furlough**, 397 S.W.3d at 128; *see also* **Henderson**, 318 S.W.3d at 338, 339 ("Relief under Rule 60.02(5) is appropriate in cases involving extraordinary circumstances or extreme hardship. . . . [A] party attempting to have an order set aside under Rule 60.02(5) faces a difficult task.").

IV.

We examine the evidence in the record on appeal, consisting of the testimony of Husband and Wife at the motion hearing, to determine if Husband has established grounds for Rule 60.02(5) relief by clear and convincing evidence under the above standards. The MDA describes the marital residence and provides that "[u]pon entry of the Final Decree, the real estate shall be vested solely in the wife, and the other spouse will thereby be divested of all right, title, and interest in it." Regarding personal property, the MDA states, "the parties have divided the personal property they own individually or jointly. The husband is satisfied that a fair division has been made of it." The MDA contains an identical provision reciting Wife's satisfaction of the division of personal property.

Husband moved to Minnesota shortly after the entry of the final judgment. At that time, the parties divided their personal property. Husband testified that each party kept his/her retirement account, and that they evenly split the value of the one account they held jointly. There was no marital debt at the time of the divorce. Husband's *only* complaint about the division of property is what was done with the marital residence, which was unencumbered and which he valued at approximately $225,000. He testified that the parties agreed that they "were going to split everything down the middle" and argues that he should be entitled to half the equity in the house. Wife testified that Husband told her before they signed the MDA that "he didn't need the money" from the house "because he was moving in with his daughter and he had a decent retirement." Husband admits to voluntarily signing the MDA in front of a notary. He further testified as follows:

> Q: Well, you looked at the document before you signed it, didn't you, sir?
>
> A: No, I did not. I was under the assumption that we had an uncontested divorce and we had already discussed settlement of the properties, et cetera, so I trusted her.

\*     \*     \*

Q: I'm curious as to why you didn't follow up and look at your MDA or final decree of divorce?

A: Because I believed that the agreement we had made verbally was going to be followed.

\* \* \*

Q: So you don't deny that you were on your own in your own vehicle, on your own volition, went to the bank and signed the marital dissolution decree and final decree? You don't deny that, do you?

A: I do not.

Q: And you have stated and testified here under oath that you do not recall reading the document and in fact you affirmatively testified that you only looked at the back page and didn't look at the rest of it; correct?

A: Correct.

Wife testified that, in Husband's presence, she filled out the forms she had downloaded from the internet, including the MDA, and that she read all of the information out loud to Husband:

A: I filled them out because of the tremor in his hand [and] because you can't read his handwriting very well. He asked for a divorce, I filled the paperwork out with him standing behind me at my desk and I read them off to him line by line and asking if that was okay before I marked them. I read every single option.[1]

\* \* \*

Q: And you read all three documents to him line by line?

---

[1]The pre-printed forms gave the reader a number of options to choose.

A: Line by line. Everything before it was checked I read it to him. I read him all the options and this is what's being marked and he agreed to every single one of those.

We have observed that "[a] property settlement or marital dissolution agreement is essentially a contract between a husband and wife in contemplation of divorce proceedings." *Pylant v. Spivey*, 174 S.W.3d 143, 151 (Tenn. Ct. App. 2003). An MDA "is to be looked upon and enforced as an agreement, and is to be construed as other contracts as respects its interpretation, its meaning and effect." *Gray v. Estate of Gray*, 993 S.W.2d 59, 63 (Tenn. Ct. App. 1998). Moreover, generally speaking, "the parties are not entitled to a marital dissolution agreement that is different from the one they negotiated." *Long v. McAllister-Long*, 221 S.W.3d 1, 9 (Tenn. Ct. App. 2004). The dispositive rule of law in this appeal is one that is fundamental, well-known, and recently described by this Court as follows:

> One who signs a contract cannot later plead ignorance of its contents if there was an opportunity to read it before signing. *See Solomon v. First American Nat'l Bank*, 774 S.W.2d 935, 943 (Tenn. Ct. App. 1989). The law will not allow a party to enter a contract and then seek to avoid performance because he did not read the agreement or know its contents. *Giles v. Allstate Ins. Co.*, 871 S.W.2d 154, 157 (Tenn. Ct. App. 1993) (citing *Beasley v. Metro. Life Ins. Co.*, 190 Tenn. 227, 229 S.W.2d 146 (Tenn. 1950)). Otherwise, written contracts would be worthless. *Id.* In general, the law holds parties responsible for what they sign. *See id. But see Teague Bros. v. Martin & Bayley, Inc.*, 750 S.W.2d 152, 158 (Tenn. Ct. App. 1987) (excluding from this general rule situations in which the neglect to read was induced through artifice or trick by the party seeking to enforce the contract).

*Advantage Windows, Inc. v. Zacarias*, No. E2014-00122-COA-R3-CV, 2014 WL 4403106 at *3 (Tenn. Ct. App. E.S., filed Sept 8, 2014) (quoting *Moody Realty Co. v. Huestis*, 237 S.W.3d 666, 674 (Tenn. Ct. App. 2007)).

Husband argues that the trial court failed to equitably divide a significant marital asset – the equity in the marital residence. The trial court, however, awarded the equity in the marital residence precisely as the parties agreed to in the MDA, namely, to vest title solely in the wife, and divest Husband "of all right, title, and interest in it." Any mistake or misunderstanding regarding what would be done with the marital residence was a unilateral error on Husband's part. *See Worgan v. Worgan*, No. E2013-01756-COA-R3-CV, 2014 WL

1715067 at *4 (Tenn. Ct. App. E.S., filed Apr. 30, 2014) (holding "Wife has not established any ground for reopening the final divorce judgment under Rule 60.02" where judgment allegedly failed to include division of husband's pension and wife mistakenly thought it would be divided later).

Husband takes issue with the following statement contained in the trial court's final judgment order denying him Rule 60.02 relief:

> The Court finds that it does not have an affirmative duty to ensure an equitable division of the property and debts enumerated in the parties['] Marital Dissolution Agreement, insomuch as the parties are free to contract with one another relating to their distribution and division of their assets, debts, and financial resources.

To the extent that this statement is made in the context of a divorce on the ground of irreconcilable differences ("an ID divorce"), it conflicts with Tenn. Code Ann. § 36-4-103(b), which provides:

> No divorce shall be granted on the ground of irreconcilable differences unless the court affirmatively finds in its decree that the parties have made adequate and sufficient provision by written agreement for the custody and maintenance of any children of that marriage and for the equitable settlement of any property rights between the parties. If the court does not affirmatively find that the agreement is sufficient or equitable, the cause shall be continued by the court to allow further disposition by the petitioner.

In the present case, Judge Ogle's order granting the parties an ID divorce fully complied with this provision, reciting that "the parties have made adequate and sufficient provision in a Marital Dissolution Agreement for the equitable division of all property and debts between them."

When Husband filed his Rule 60.02 motion, Judge Vance was not entertaining a request for an ID divorce. Rather, it was his task to review the record and the evidence at the motion hearing to determine if there were any grounds alleged in the motion that were proven and sufficient to void a judgment that had become final some three and a half months earlier. In other words, the trial court's statement that "it does not have an affirmative duty to ensure an equitable division of the property and debts enumerated in the [MDA]," while clearly

erroneous in the context of entering judgment granting an ID divorce, is not erroneous in the context of a ruling on a Rule 60.02 motion to set aside an ID divorce judgment. In any event, the record demonstrates that the trial court fulfilled its duty in ruling on Husband's Rule 60.02 motion and that the court committed no reversible error. There is no abuse of discretion on the part of the trial court in its holding that Husband failed to demonstrate grounds for Rule 60.02 relief by clear and convincing evidence.

V.

The judgment of the trial court is affirmed. Costs on appeal are assessed to the appellant, Edward Joseph Pierre. The case is remanded to the trial court, pursuant to applicable law, for collection of costs assessed below.

_____
CHARLES D. SUSANO, JR., CHIEF JUDGE