FILED

01/19/2017

Clerk of the
Appellate Courts



IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs December 2, 2016

## FREDONIA MOUNTAIN NATURE HOMEOWNERS ASSOCIATIONS, INC. v. DAVID ANDERSON, ET AL.

**Appeal from the Chancery Court for Sequatchie County**
**No. 2351      Jeffrey F. Stewart, Chancellor**

_____

### No. M2016-01021-COA-R3-CV

_____

This is an appeal from the denial of Appellant's Tennessee Rule of Civil Procedure 60.02 motion for relief from judgment. On August 17, 2015, the trial court entered an order allowing Appellants' counsel to withdraw. The order also provided Appellants thirty days to retain new counsel. Approximately one week after the order was entered, the case came up on a regularly scheduled docket call and was set for trial in November 2015. Although notice of the trial setting was sent to Appellants, they allege they never received it. The trial was held in the absence of Appellants, and a judgment was entered against them. Two months after the judgment was entered, Appellants filed a motion for relief from judgment pursuant to Rule 60 of the Tennessee Rules of Civil Procedure. The trial court denied Appellants' motion finding that there was no inadvertence, surprise or mistake that would justify the relief sought. Discerning no error, we affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court is Affirmed and Remanded.**

ARNOLD B. GOLDIN, J., delivered the opinion of the court, in which D. MICHAEL SWINEY, C.J., and W. NEAL MCBRAYER, J., joined.

Christopher T. Varner, Chattanooga, Tennessee, for the appellants, Arthur Wiard, and Helen Wiard.

Jennifer A. Mitchell, Dunlap, Tennessee, for the appellee, Fredonia Mountain Nature Homeowners Association, Inc.

## OPINION

### I.      Background

On June 26, 2012, the Fredonia Mountain Nature Homeowners Association, Inc.,

("FMNHA" or "Appellee") filed a petition to enforce liens in Sequatchie County Chancery Court against various individuals who were owners of real property in Sequatchie County, Tennessee. The liens the petition sought to enforce resulted from unpaid homeowners' association dues. Arthur Wiard and his wife Helen Wiard (together as "Appellants") denied that there was any valid underlying debt owed by them on which a lien could be properly asserted.

After almost three years of litigation, the Wiards' attorney, Christopher Varner, filed a motion to withdraw as counsel at the request of the Wiards. The motion to withdraw was granted by order entered on August 17, 2015. In the order granting the motion to withdraw, the Wiards were granted thirty days to retain new counsel. On August 25, 2015, during a regularly scheduled docket call, the trial court set the Wiards' case to be heard on November 10, 2015. A notice of hearing of the November trial setting was filed and a copy mailed to the Wiards on August 28, 2015. The Wiards allege they never received the notice of the trial setting. The trial was held, as scheduled, on November 10, 2015. The Wiard's did not appear at the trial, and a judgment in the amount of $9,766.88 plus court costs was subsequently entered against them on December 7, 2015.

On February 16, 2016, Mr. Varner recommended his representation of the Wiards and on their behalf, filed a motion for relief from judgment pursuant to Rule 60.02 of the Tennessee Rules of Civil Procedure. The Wiards' motion argued that the thirty day window provided in the order on motion to withdraw "presumably was to have been a period of inactivity" and that the case was "inadvertently set for trial on November 10, 2015, despite the existence of the thirty day window of inactivity." The Appellants' motion further alleges that they did not learn of the trial and the judgment until after November 10, 2015. The Rule 60.02 motion was heard on March 29, 2016 and denied by the trial court by order entered April 18, 2016. The trial court specifically held that "there was no inadvertence, surprise or mistake that would justify the relief sought." The Wiards appeal.

## II. Issues

Appellant raises the following issue for review, as restated slightly from their brief:

Did the trial court abuse its discretion in denying Appellants motion for relief pursuant to Tennessee Rule of Civil Procedure 60.02?

## III. Standard of Review

A motion for relief from a judgment pursuant to Rule 60.02 of the Tennessee Rules of Civil Procedure is within the sound discretion of the trial court, and such a

ruling may not be reversed on appeal unless it is determined that the court abused its discretion. *Wine v. Wine*, 245 S.W.3d 389, 396 (Tenn. Ct. App. 2007); *Holiday v. Shoney's South, Inc.,* 42 S.W.3d 90, 92-93 (Tenn. Ct. App. 2000) (citing *Underwood v. Zurich Ins. Co.,* 854 S.W.2d 94, 97 (Tenn.1993)). A trial court abuses its discretion when it causes an injustice by applying an incorrect legal standard, reaches an illogical decision, or by resolving the case "on a clearly erroneous assessment of the evidence." *Lee Medical, Inc. v. Beecher,* 312 S.W.3d 515, 524 (Tenn. 2010); *see State v. Stevens,* 78 S.W.3d 817, 832 (Tenn. 2002). The abuse of discretion standard does not permit an appellate court to merely substitute its judgment for that of the trial court. *Henry v. Goins*, 104 S.W.3d 475, 479 (Tenn. 2003) (citing *Eldridge v. Eldridge,* 42 S.W.3d 82, 85 (Tenn. 2001)). Indeed, when reviewing a discretionary decision by the trial court, the "appellate courts should begin with the presumption that the decision is correct and should review the evidence in the light most favorable to the decision." *Henderson v. SAIA, Inc.*, 318 S.W.3d 328, 335 (Tenn. 2010)(quoting *Overstreet v. Shoney's, Inc.,* 4 S.W.3d 694, 709 (Tenn. Ct. App. 1999); *see also* *Keisling v. Keisling,* 196 S.W.3d 703, 726 (Tenn. Ct. App. 2005). This deferential standard "reflects an awareness that the decision being reviewed involved a choice among several acceptable alternatives," and thus "envisions a less rigorous review of the lower court's decision and a decreased likelihood that the decision will be reversed on appeal." *Lee Medical, Inc.,* 312 S.W.3d at 524.

## IV. Analysis

Tennessee Rule of Civil Procedure 60.02 provides in relevant part:

> On motion and upon such terms as are just, the court may relieve a party ... from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) fraud ..., misrepresentation, or other misconduct of an adverse party; (3) the judgment is void; (4) the judgment has been satisfied, . . . ; or (5) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and for reasons (1) and (2) not more than one year after the judgment, order or proceeding was entered or taken. . . . This rule does not limit the power of a court to entertain an independent action to relieve a party from a judgment, order or proceeding, or to set aside a judgment for fraud upon the court.

Tenn. R. Civ. P. 60.02.

The general purpose of Rule 60.02 is "'to alleviate the effect of an oppressive or onerous final judgment.'" *Black v. Black,* 166 S.W.3d 699, 703 (Tenn. 2005) (quoting *Killion v. Dep't of Human Servs.,* 845 S.W.2d 212, 213 (Tenn. 1992)). We have characterized relief under Rule 60.02 as an "exceptional remedy," *Nails v. Aetna Ins.*

*Co.,* 834 S.W.2d 289, 294 (Tenn. 1992), "designed to strike a proper balance between the competing principles of finality and justice." ***Banks v. Dement Constr. Co., Inc***., S.W.2d 16, 18 (Tenn. 1991)(citing ***Jerkins v. McKinney,*** 533 S.W.2d 275, 280 (Tenn. 1976)). Rule 60.02 provides an "escape valve," ***Thompson v. Firemen's Fund Ins. Co.,*** 798 S.W.2d 235, 238 (Tenn. 1990), that "should not be easily opened." ***Toney v. Mueller Co.,*** 810 S.W.2d 145, 146 (Tenn. 1991). "[R]elief under Rule 60.02 is not meant to be used in every case in which the circumstances of a party change after the entry of a judgment or order, nor by a party who is merely dissatisfied with a particular outcome." ***Furlough v. Spherion Atl. Workforce, LLC***, 397 S.W.3d 114, 127-28 (Tenn. 2013) (quoting ***Henderson v. SAIA, Inc.,*** 318 S.W.3d 328, 336 (Tenn. 2010)). In general, "the bar for attaining relief is set very high and the burden borne by the movant is heavy." ***Furlough***, 397 S.W.3d at 127-28 (quoting ***Johnson v. Johnson,*** 37 S.W.3d 892, 895 n.2 (Tenn.2001)).

In regard to the civil docket call, local rule 7.01 from the Twelfth Judicial District regarding civil docket calls states that "[t]he Chancery Court docket calls shall be as shown on Table One." Table One states that the docket calls for Sequatchie County are to be held on the "[f]ourth Monday in February and [f]ourth Tuesday in August." In this case, the docket call setting the trial date in this case was held on the fourth Tuesday in August as specified in the local rules. Although the Wiards were not present for the docket call, in their brief to this court, they acknowledge that they knew a docket call in their case had been scheduled for August 25, 2015.

It is well-settled that *pro se* litigants must comply with the same standards to which lawyers must adhere. ***Watson v. City of Jackson***, 448 S.W.3d 919, 926 (Tenn. Ct. App. 2014). As previously explained by this Court:

> Parties who decide to represent themselves are entitled to fair and equal treatment by the courts. The courts should take into account that many pro se litigants have no legal training and little familiarity with the judicial system. However, the courts must also be mindful of the boundary between fairness to a pro se litigant and unfairness to the pro se litigant's adversary. Thus, the courts must not excuse pro se litigants from complying with the same substantive and procedural rules that represented parties are expected to observe.

***Hessmer v. Hessmer***, 138 S.W.3d 901, 903 (Tenn. Ct. App. 2003). *See also **Wilhoite v. Wilhoite***, No. M2016-00848-COA-R3-CV, 2016 WL 5723956, at *2 (Tenn. Ct. App. Sept. 30, 2016); ***Jackson v. Lanphere***, No. M2010-01401-COA-R3-CV, 2011 WL 3566978, at *3 (Tenn. Ct. App. Aug. 12, 2011). We recognize that the Wiards acted as *pro se* litigants from the time their attorney withdrew on August 17, 2015 until they rehired Mr. Varner to represent them in February 2016. Although pro se litigants are entitled to some liberality, "the courts cannot create claims or defenses for pro se litigants

- 4 -

where none exist." ***Barnett v. Tennessee Orthopaedic All.***, 391 S.W.3d 74, 78-79 (Tenn. Ct. App. 2012)(quoting ***Hessmer***, 138 S.W.3d at 904).

In this case, the Wiards' attorney was granted permission to withdraw by order entered on August 17, 2015. The order provided the Wiards thirty days to retain new counsel. The order did not stay the case. The following week, during a regularly scheduled docket call of which they were aware, the trial court set the Wiards' case to be heard on November 10, 2015. Once the order allowing counsel to withdraw was entered, the Wiards were responsible for keeping themselves informed on the status of their case. They conceded that they knew about the docket call, yet they never followed up with opposing counsel or with the court clerk to find out if the case was set for trial. Even assuming arguendo that there was to be a "thirty day window of inactivity," that window ended on or about September 16, 2015. The trial was not held until November 10, 2015, almost sixty days later; and the judgment was not signed by the trial court until December 1, 2015. Although the record is unclear about exactly when the Wiards became aware of the November trial, it appears that they did nothing to follow up on their case after the entry of the order on the motion to withdraw on August 17, 2015. "*Pro se* litigants who invoke the complex and sometimes technical procedures of the courts assume a very heavy burden." ***Irvin v. City of Clarksville,*** 767 S.W.2d 649, 652 (Tenn. Ct. App. 1988) (internal citations omitted). In its ruling on the Wiards' motion for relief from judgment, the trial court specifically held that "there was no inadvertence, surprise or mistake that would justify the relief sought." After a thorough review of the record, we cannot conclude that the trial court abused its discretion in reaching this determination. Accordingly, we affirm the trial court's ruling.

## V. Conclusion

For the foregoing reasons, we affirm the trial court's order denying relief under Tennessee Rule of Civil Procedure 60.02 in favor of Appellees and remand for enforcement of the judgment against the Appellants and in favor of Appellees and for all further proceedings as may be necessary and consistent with this Opinion. Costs on the appeal are assessed against the Appellants, Arthur and Helen Wiard, and their surety for all of which execution may issue if necessary.

_____
ARNOLD B. GOLDIN, JUDGE